IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ADAM BARKER,** individually and on behalf of similarly situated persons,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>**ITL FOODS, LP d/b/a PIZZA HUT,**<br><br>　　　　　　Defendant. | Case No. _____<br><br>**Collective Action Complaint**<br><br>**Jury Demanded** |

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff Adam Barker ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendant, ITL Foods, LP d/b/a Pizza Hut (hereinafter "ITL Foods" or "Defendant"), and alleges as follows:

1.　Defendant operates numerous Pizza Hut franchise stores. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant used a flawed method to determine reimbursement rates that neither reimburses the drivers for their actual expenses, nor at the IRS business mileage rate which is legally required and a reasonable approximation of those expenses. This under-reimbursement causes their wages to fall below the federal minimum wage during some or all workweeks.

2.　Moreover, Defendant paid Plaintiff and similarly situated delivery drivers a sub-minimum wage, utilizing a "tip credit." However, Plaintiff and similarly situated delivery drivers failed to earn enough in tips to make up the difference between their cash wage and the federal

1

minimum wage, causing their wages to fall below the federal minimum wage during one or more weeks.

3. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages owed to Plaintiff and similarly situated delivery drivers employed by Defendant at its Pizza Hut stores.

## Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant resides in this District.

## Parties

6. Defendant, ITL Foods is a Texas corporation maintaining its principal place of business at 17154 Butte Creek Rd, Ste 200, Houston, TX 77090. ITL Foods may be served via its registered agent, Tanweer Ahmed, at 17154 Butte Creek Rd, Ste 200, Houston, TX 77090, or wherever he may be found.

7. Plaintiff was employed by Defendant from approximately November 2018 to February 2021 as a delivery driver at Defendant's Pizza Hut store located in Dallas, TX. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

## General Allegations

### *Defendant's Business*

8. Defendant operates numerous Pizza Hut franchise stores throughout Texas.

9. Defendant's Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendant's Flawed Automobile Reimbursement Policy*

10. Defendant requires their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

11. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

12. Pursuant to the Department of Labor Field Operations Handbook, employers are required to either (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

13. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

14. During the applicable FLSA limitations period (2018 – 2021), the IRS business mileage reimbursement rate ranged between $.56 and $.585 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $61.88 and $.637 per mile during the same period for drivers

3

who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

15. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly failed to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18. Defendant failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

19. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

20.     Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

21.     Plaintiff was paid $4.25 per hour while employed by Defendant, including a tip credit applicable to the time he performed deliveries.

22.     The federal minimum wage has been $7.25 per hour since July 24, 2009.

23.     During the majority of the time Plaintiff worked for Defendant as a delivery driver, he was reimbursed just $1.25 per delivery and drove an average of 4.5 or more miles per delivery. This means plaintiff was getting paid approximately $.28 per mile ($1.25 divided by 4.5 miles respectively)**.**

24.     During the relevant time period, the IRS business mileage reimbursement rate ranged between $.56 and $.585 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile plaintiff was making per mile driven ($.28 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.28 ($.56 - $.28) per mile.

25.     During his employment with Defendant, Plaintiff regularly made approximately 2 deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $2.52 ($.28 x 2 deliveries x 4.5 miles).

26. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

27. Because Defendant paid their drivers a gross hourly wage below the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

28. Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut stores. Even if reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

29. Defendant's low reimbursement rate was a frequent complaint of Defendant's delivery drivers, which resulted in discussions with management, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

30. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to their delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

### *Defendant's Illegal Application of the Tip Credit*

31. As a delivery driver, Plaintiff and those similarly situated delivery drivers earned tips in addition to their hourly wage.

32. Defendant paid Plaintiff and similarly situated delivery drivers according to what is commonly referred to as the "tip credit."

33. Pursuant to the FLSA's tip credit provisions, employers are permitted to take a "tip credit" for those employees who customarily and regularly receive more than $30.00 per month in tips.

34. Employers electing to use the tip credit must be able to show that tipped employees receive at least the minimum wage when direct wages and the tip credit amount are combined. If an employee's tips combined with the employer's direct wage do not equal at least the minimum hourly wage of $7.25 per hour, the employer must make up the difference.

35. Plaintiff and similarly situated delivery drivers did not always receive enough in tips to make up the difference between their tipped hourly wage and the mandatory minimum hourly wage of $7.25 per hour, causing violations of the federal minimum wage in one or more weeks.

36. As a result, Defendant was not entitled to utilize the FLSA's tip credit provision during those weeks to credit Plaintiff and similarly situated delivery driver's tips towards a portion of their minimum wage obligations.

**Collective Action Allegations**

37. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

38. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

39. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal

minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

40. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

   c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They were subject to the same pay policies and practices of Defendant;

   g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

   h. They were reimbursed similar set amounts of automobile expenses per delivery;

   i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses;

j.       They were paid using the application of a tip credit; and

k.       They did not receive the requisite amount of tips to permit the use of the tip credit in one or more weeks.

### Count I: Violation of the Fair Labor Standards Act of 1938

41. Plaintiff reasserts and re-alleges the allegations set forth above.

42. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

43. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

44. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

45. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

46. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

47. As alleged herein, Defendant has reimbursed delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses. This under-reimbursement diminishes these employees' wages beneath the federal minimum wage.

48. Additionally, Defendant improperly utilized the tip credit during one or more weeks where Plaintiff and similarly situated delivery driver's tips did not make up the difference between their tipped wage and the federal minimum wage.

49. Defendant knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

50. Defendant, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

51. Plaintiff and all similarly situated delivery drivers are victims of uniform and employer-based compensation and reimbursement policies. These uniform policies, in violation of the FLSA, have been applied, and continue to be applied, to all delivery driver employees in Defendant's stores.

52. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting automobile expenses, plus payment at the full minimum rate during weeks where the tip credit was improperly applied, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

53. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should

the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54.  As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### **Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated this 2nd day of February, 2022.

Respectfully submitted,

*/s/ Andrew W. Dunlap*
Andrew Dunlap, Esq.
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
E-mail: adunlap@mybackwages.com
*Local Counsel*


*/s/ C. Ryan Morgan*
C. Ryan Morgan, Esq. *(Pro Hac Vice forthcoming)*
FBN 0015527
Jolie N. Pavlos, Esq. *(Pro Hac Vice forthcoming)*
FBN 0125571
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 245-3401
Email: RMorgan@forthepeople.com
            JPavlos@forthepeople.com

*Counsel for the Plaintiff(s)*